I respectfully dissent from the majority opinion that reverses the judgment of the Court of Criminal Appeals holding that Deramus's petition for a writ of habeas corpus does not comply with the requirements of § 15-21-4, Ala. Code 1975.
Section 15-21-4, Ala. Code 1975, provides:
 "Application for a writ of habeas corpus must be made by petition . . .; and, if the imprisonment is by virtue of any warrant, writ or other process, a copy thereof must be annexed to the petition or the petition must allege that a copy thereof has been demanded and refused or must show some sufficient excuse for the failure to demand a copy."
(Emphasis added.) In his habeas corpus petition, Deramus requested that the trial court "review the process . . . the [State] use[s] in the [c]lassification of certain inmates as heinous offenders. . . ." Therefore, under § 15-21-4, Ala. Code 1975, *Page 882 
Deramus must attach to his petition documentation showing how the Department of Corrections ("the DOC") applied its work-release classification policy in his case. Because he did not attach any such documents to his petition or allege that he demanded copies of those documents and that his demand was refused, the trial court properly dismissed Deramus's petition.
Nonetheless, even if Deramus's petition had complied with the requirements set forth in § 15-21-4, Ala. Code 1975, I respectfully submit that Deramus does not have a protected liberty interest in his work-release classification for the reasons Justice Brown set forth in her dissent in Ex parteBerry, 794 So.2d 307, 311 (Ala. 2000). Therefore, Deramus's claim that the DOC inconsistently and arbitrarily applied its work-release classification policy in his case is not a claim for which relief can be granted.